I agree with the majority that the trial court's judgment regarding child support should be affirmed. However, I must respectfully dissent from the majority's reversal of the trial court's judgment insofar as it awarded the wife a portion of her husband's retirement benefits pursuant to § 30-2-51, Ala. Code 1975. Although the Legislature intended for retirement benefits to be divisible as marital property under certain circumstances, this court has stated, "§ 30-2-51 is not a model of legislative clarity." Smith v. Smith, 836 So.2d 893, 899 (Ala.Civ.App. 2002). Because § 30-2-51 provides little guidance, I would remand this case for the trial court to take additional testimony concerning the husband's retirement benefits and to then divide the retirement benefits accordingly. See Wilkinson v.Wilkinson, [Ms. 2011255, April 16, 2004] ___ So.2d ___ (Ala.Civ.App. 2004) (Yates, P.J., concurring in the result) (discussing retirement benefit plans and the methods of valuing, dividing, and *Page 898 
distributing the proceeds of those plans as part of the marital estate).